UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Emmanuel Elder,

        Petitioner,

     v.

State of Ohio,

        Respondent.

Case No. 1:14 CV 2686

JUDGE JAMES G. CARR

<u>ORDER</u>

*Pro se* Petitioner Emmanuel Elder filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2013 conviction in the Lake County Court of Common Pleas, Case No. 13 CR 000415, on charges of failure to comply with an order or signal of a police officer, obstructing official business, failure to register, a headlight violation, and a no tail light or rear license plate light violation.  Petitioner asserts two grounds for relief in his habeas petition: (1) the trial court failed to bring him to trial within 270 days as required by Ohio Revised Code § 2945.72(A) violating his right to speedy trial; and (2) he was arrested by Officer Our without an affidavit of probable cause and his judgment entry of conviction was not signed by a judge under oath of affirmation, in violation of his Fourth Amendment rights and Ohio Criminal Rule 4(A)(1). He asks the Court to vacate his conviction.  For the following reasons, I deny the Petition and dismiss this case with prejudice.

## I. Background

On March 7, 2013, around 7:20 p.m., Petitioner was driving his minivan westbound on

interstate route 90 ("I-90") near the vicinity of Willoughby Hills, Ohio.  *See Elder v. State of Ohio*, No. 1:13 CV 1348, 2013 WL 3864822 (N.D. Ohio July 24, 2013)(Pearson, J.).  A Willoughby Hills Police Officer was stationed at the highway crossover monitoring westbound traffic traveling on I-90.  *Id.*  The officer observed Petitioner's van approaching with a single headlight illuminated and no light above the license plate.  *Id.*  The officer pulled into traffic and began following Petitioner's minivan.  *Id.*  While trailing Petitioner, the officer checked the status of the van's registration with the police dispatcher.  *Id.*  The officer learned that the registration had expired in December 2012 and that the Ashtabula Police Department had issued an active warrant against the vehicle's owner for larceny.  *Id.*

Petitioner's van moved to the far left southbound lane on interstate route 271 ("I-271"), when the officer approached from the center lane and initiated a traffic stop at White Road.  *Id.*  The officer walked toward the passenger side of Petitioner's van and advised him to turn off the vehicle.  *Id.*  Petitioner obeyed.  *Id.*  The officer then explained the reason for the stop and asked to see Petitioner's driver's license.  *Id.*  As Petitioner was producing his license, a second Willoughby Hills officer arrived at the scene.  *Id.*  The first officer then notified Petitioner of the outstanding warrant issued against him and asked him to exit his vehicle.  *Id.*  Instead of exiting, Petitioner sped away.  *Id.*  The officers pursued Petitioner on I–271, allegedly at speeds in excess of 80 mph, until his sergeant directed him to terminate the pursuit.  *Id.*  A Complaint was filed against Petitioner on March 8, 2013 by the City of Willoughby Hills, asserting that he violated Ohio Rev. Code § 2921.331, for willfully eluding or fleeing a police officer, a felony of the third degree.

Petitioner was arrested in the City of Cleveland on March 13, 2013 and charged with Failure to Comply with the Order or Signal of a Police Officer in violation of Ohio Rev. Code §

2921.331(B), pursuant to a criminal complaint filed by the City of Cleveland.  He appeared in Cleveland Municipal Court on April 3, 2013 and entered a plea of Not Guilty.  The matter was bound over to the Cuyahoga County Grand Jury.  At that appearance, Petitioner was notified that a detainer had been placed on him by Ashtabula County as well as the City of Willoughby. Petitioner was indicted on the charges May 8, 2013.  A cash surety bond for $10,000 was set on April 8, 2013.  Petitioner posted bond on June 3, 2013.

Petitioner was arrested by the City of Willoughby Hills on June 4, 2013.  He was arraigned in the Willoughby Municipal Court that same day.  Bond was set at $100,000.00.  Petitioner could not post bond and was transported to the Lake County Jail.  The Municipal Court conducted a preliminary hearing on June 12, 2013 and issued a Judgment Entry that same day finding probable cause to believe a felony offense was committed by Petitioner.  He was bound over to the Lake County Grand Jury.

On July 19, 2013, the Lake County Grand Jury issued an indictment, charging Petitioner with: (Count One) Failure to Comply with Order or Signal of Police Officer, a felony of the third degree, in violation of Ohio Rev. Code § 2921.331(B); (Count Two) a Headlight Violation, a minor misdemeanor, in violation of Ohio Rev. Code § 4513.14; (Count Three) a No Tail Light or Rear License Plate Light Violation, a minor misdemeanor, in violation of Ohio Rev. Code § 4513.05; (Count Four) Failure to Register, a misdemeanor of the fourth degree, in violation of Ohio Rev. Code  § 4503.11; and (Count Five) Obstructing Official Business, a misdemeanor of the second degree, in violation of Ohio Rev. Code § 2921.31.  The trial court conducted an arraignment on July 22, 2013, noting in its judgment entry from the proceedings that Petitioner entered no plea, so the court entered a plea of not guilty on his behalf.

-3-

Prior to trial, Petitioner filed various motions, including a motion for summary judgment and multiple motions to dismiss the charges, which were denied.  In these motions, he raised various issues, including that the court lacked territorial jurisdiction and venue, that no victims' names were provided to whom he caused a risk of harm, that his traffic tickets had been dismissed in the municipal court, that there were no uniform traffic citations, that there was a lack of evidence that he failed to stop upon signal of an officer, and that the police vehicle video did not prove jurisdiction. He repeatedly asserted that there was no proof the offense occurred in Lake County. These motions were denied by the trial court in several Orders and Journal Entries.

A jury trial was held on September 17 and 18, 2013.  Petitioner was found guilty on Counts One, Four, and Five by the jury.  The court found Petitioner guilty on the remaining two counts, which were minor misdemeanors.  On September 24, 2013, the trial court issued a Judgment Entry memorializing the verdict.  On the same date, the court sentenced Petitioner to serve a term of 30 months for Failure to Comply and 30 days for Obstructing Official Business, to be served concurrently. Petitioner was also ordered to pay fines on the remaining counts, totaling $100.

## II.  Direct Appeal and Post Conviction Motion

Petitioner filed a timely direct appeal of his conviction and sentence to the Ohio Eleventh District Court of Appeals.  He raised the following assignments of error:

> 1.  Appellant was prejudiced when the trial court failed to find the state failed to establish territorial jurisdiction pursuant to O.R.C. 2938.10, due to failing to prove beyond a reasonable doubt that each of the offenses cited in the 7/19/2013 (5) count indictment were initiated and or committed within the territorial jurisdiction of Lake County, Ohio, Therefore defining [sic] violation of appellant[']s right against unreasonable search and seizure and or probable cause under the 4th U.S.C.A. in violation of appellant [']s right to a full and fair trial and a[n] impartial trier of fact under the 6th U.S.C.A, in violation of appellant[']s right to due Process and Equal protection of

-4-

Law under the 14th U.S.C.A. (sic).

2. Appellant was prejudiced when the trial court failed to find that O.R.C. 2921.31 Obstructing Official Business and O.R.C. 2921.331(D) Failure to Comply (F–3), was of the same animus of similar import pursuant to O.R.C. 2945.25 and Crim.R. 4. (sic)

3. Appellant was prejudiced when the trial court failed to find that the state lacked Personal jurisdiction, Territorial jurisdiction and Subject matter jurisdiction for counts 1, 2, 3, and 4 of the 7/19/2013 (5) count indictment, due to failure to apply the controlling law(s) of Crim.R. 4, Crim.R. 5(B)(7), Crim.R. 48(A), Crim.R.5(B)(4)(C), R.C. 2936.26(B)(1)(2)(4).

4. Appellant was prejudiced by trial court[']s jury verdict form, due to it omitting the misdemeanor elements for O .R.C. 2921.331(B), Failure to Comply, (F–3), for which violated O.R.C. 2945.75(A)(2). (sic)

5. Appellant was prejudiced when trial court failed to apply the controlling law of Crim.R. 41(a) when the appellant[']s objection during trial to not allow the state to utilize the 15 photos officer James Ours obtained from private property outside the territorial jurisdiction of Lake [C]ounty, Ohio. (sic)

6. Appellant was prejudiced when trial court denied the appellant [']s request to submit exculpatory evidence of the Willoughby Municipal Court judge Harry Field's 8/28/2013 judgment entry of dismissal of the 4 misdemeanor traffic cases and appellant[']s motion to dismiss said traffic offenses for case number 13TRD04272 for which were dismissed pursuant to O.R.C. 2937.04, O.R.C. 2941.33, O.R.C. 2945.71, O.R.C. 2935.26, Crim R. 48(A), and Crim.R. 5(B)(4)(C), defining violations of appellant[']s right against double jeopardy under the 5th U.S.C.A. (sic)

7. Appellant was prejudiced when trial court failed to apply controlling law of Crim.R. 31(A) and O.R.C. 2945.71 when the jurors failed to provide signed unanimous juror's verdict of guilty on all 5 counts of the 7/19/2013 indictment, for which defines violation of appellant[']s right to a full and fair trial and public trial of a jury of his peers. (sic)

8. Appellant was prejudiced when trial court failed to apply controlling laws of Crim.R. 7(e) and Crim.R. 16 due to the state[']s

-5-

failure to provide the appellant with an amende[d] Bill of Particulars of the chronological times each offense commenced, mile marker locations of each offense, times of each offense, jurisdiction and or the venue of each offense. (sic)

9. Appellant was prejudiced when trial court failed to schedule a[n] in camera hearing pursuant to Crim.R.16(B)(1)(G) and a hearing pursuant to R.C. 2705.02(C) and 2705.05 when the appellant filed affidavit and petition to find officer James Ours and Officer Erik Kupchik in violation of perjury and contempt due to their deliberate indifference to subpoenas duly served on them via the Clerk of Common Pleas on the request of the appellant pursuant to Crim.R. 17(C)." (sic)

*See State of Ohio v. Elder*, No. 2014–L–001, 2014 WL 4825388 (Ohio App. 11 Dist. Sept. 30, 2014).  The Court of Appeals addressed the assignments of error on the record, and affirmed the judgment of the trial court on September 30, 2014.  *Id.*

Petitioner appealed that decision to the Supreme Court of Ohio on November 13. 2014.  He asserted seven Propositions of Law:[1]

1.  State failed to prove venue beyond a reasonable doubt.

2.  State violated defendant's speedy trial rights pursuant to O.R.C. 2945.71.

3.  State violated defendant's right against double jeopardy.

4.  State violated defendant's right to present exculpatory evidence in his defense.

5.  State wilfully denied defendant a Bill of Particulars that appraised [sic] him of information in their possession of times, dates, mile marker locations, in violation of Crim. R. 7(D) and Crim. R. 16.

---

[1]    Petitioner's Notice of Appeal and Memorandum in Support of Jurisdiction are the same document and neither is a picture of legal clarity.  In that document, he identifies seven reasons why his case is of public interest or great general interest and involves a substantial constitutional question.  Aside from these "claims," the Memorandum does not identify Propositions of Law.

-6-

6.   State's witnesses P.O. Ours and P.O. Kupchik committed contempt of subpoena and perjury in violation of Crim. R. 17© and Crim. R. 16(B)(1)(G).

7.  State's witness P.O. Ours obtained 15 photos in violation of the 4th U.S.C.A. against unreasonable search and seizure.

*State of Ohio v. Elder*, No. 2014-1972 (Ohio S. Ct. filed Nov. 13, 2014).  The Supreme Court of Ohio denied jurisdiction on March 25, 2015.

Petitioner also filed a Motion for a New Trial in the trial court on October 1, 2013.  In this Motion, he raised various issues including several alleged jurisdictional defects.  On December 5, 2013, the trial court issued an Opinion and Judgment Entry, denying Petitioner's Motion for New Trial.  The trial court addressed each of the issues raised by Petitioner, ultimately finding no merit in any of the issues and holding that it had jurisdiction.

Petitioner filed a timely appeal of that decision to the Ohio Eleventh District Court of Appeals.  He asserted one assignment of error:

The trial court abused [its] discretion for failing to find it lacked personal jurisdiction and subject matter jurisdiction due to failing to apply the controlling laws of Ohio Traffic Rule 3(A)(C)(E) [sic], Crim.R. 1(C)(3), Crim.R. 5(B)(7) and O.R.C. 2938.10 to the material facts of the case.

In this assignment of error, however, he raised multiple issues, arguing that the trial court abused its discretion in rejecting each of these arguments. First, issues A, J, and K related to whether the municipal court properly followed Crim.R. 5(B)(7) in transmitting the complaint and the ticket to the Court of Common Pleas when the matter was bound over.  He also noted that "the Ohio Uniform Traffic citation is not controlled by statutes which apply to indictments."  In issue B, Petitioner argued that all of the counts against him should have been documented on a traffic ticket, pursuant to the Ohio Traffic Rule 3(A).  Issues C and D challenged the trial court's jurisdiction based their

-7-

alleged failure to comply with the Traffic Rules.  In issue E, Petitioner argued that his convictions were obtained without the trial court, the grand jury, and himself being apprised of the time, date, location, and statutory section numbers of the offenses.  Similarly, in issue G, Petitioner asserted that no documentation was offered to prove that the offenses for which he was convicted were committed within the jurisdiction of the trial court.  In issue F, Petitioner asserted that the trial court mistakenly claimed in its December 5, 2013 Judgment Entry that his preliminary hearing was conducted on June 6, 2013, when the actual date of Elder's preliminary hearing was June 12, 2013.  In issue H, Petitioner asserted that "no affidavit pursuant to Crim.R. 4 was filed in support of the reporting officer's claim of Ashtabula City Limit Warrant."  He appeared to be arguing that the state was required to prove, in the initial complaint or at trial, through an affidavit, that there was a warrant in Ashtabula against him to just the traffic stop by Willoughby Hills police.  In issue I, Petitioner asserted that the record reflected that he had filed several motions to dismiss counts 1, 2, 3, and 4." No argument or error was presented to the court for that issue.

In issue L, Petitioner argued that, since he did not submit a plea at the July 22, 2013 arraignment in the court of common pleas, the trial court lacked all jurisdiction and should vacate his convictions.  In issue M, Petitioner asserted that a structural error occurred, and the trial court did not have the ability to "function as a reliable vehicle for the determination of guilt or innocence." Finally, regarding issue N, Petitioner asserted that his convictions were the result of an unreasonable search and seizure, and that his right to a full, fair trial was violated.  He, however, presented no further cognizable argument as to why these rights were violated or how he was entitled to a new trial under this issue.  *See State v. Elder*, No. 2013-L-128, 2014 WL 2719682 (Ohio App. 11 Dist. June 16, 2014).  The Court of Appeals addressed each of these issues on the merits and denied them.

On June 16, 2014, the Court affirmed the decision of the trial court denying Petitioner's Motion for a New Trial.

Petitioner appealed that decision to the Supreme Court of Ohio on July 21, 2014.  He asserted three Propositions of Law:

> 1.  Pursuant to R.C. 2945.05, trial court lacked subject matter jurisdiction and personal jurisdiction to try the Defendant on Counts 4, 2, and 3 of the July 19, 2013 (5) count indictment without a signed jury trial waiver being journalized and filed on the Defendant docket after a colloquy....violation of a full and fair trial, impartial trier of fact.
>
> 2.  Counts 2, 3, and 4 were dismissed for statutory and constitutional violations in the Willoughby Municipal Court, Case No. 13 TRD 04272.  The Ohio Constitution, Article I section 10 states no person shall be twice put in jeopardy for the same offense...violation against double jeopardy.
>
> 3.  Counts 2, 3, and 4 were dismissed for statutory and constitutional violations in the Willoughby Municipal Court, Case No. 13 TRD 04272 pursuant to R.C. 2941.33 Nolli Proseqi R. C. 2945.71 Speedy trial R.C. 2935.26; Crim R. 48 (A) and Crim R. 5 (B)(4)(c) for the state incurred the court cost....6th U.S.C.A. violation of a fair trial and 14th U.S.C.A. violation of due process and equal protection of law.  6th U.S.C.A. violation of speedy trial.

*State of Ohio v. Elder*, No. 2014-1252 (Ohio S. Ct. filed July 21, 2014).  The Supreme Court of Ohio declined jurisdiction on October 8, 2014.

### III.  Habeas Petition

Petitioner has now filed the within Petition for a Writ of Habeas Corpus.  The Petition is difficult to interpret because Petitioner did not use the standard form for a habeas corpus petition, and instead stated his grounds in a narrative with attached exhibits.  Liberally construing the Petition, the Court can discern two grounds for relief:

> 1. The trial court failed to bring Petitioner to trial on the

misdemeanor charges within the same time period required for
highest degree offense, violating his right to speedy trial under Ohio
Revised Code § 2945.72(A); and

2.  Petitioner's arrest was not supported by an affidavit of probable
cause by Officer Ours.  Also, his judgment entry of conviction was
not signed by the judge under an oath of affirmation.  These violated
his Fourth Amendment rights and Ohio Crim R. 4(A)(1).

In support of his first ground for relief, Petitioner contends that the misdemeanor charges

against him were dismissed by the Municipal Court when he was bound over.  The Lake County

Grand Jury, however, indicted him on those misdemeanor charges as well as the third degree felony

of Failure to Comply with an Order or Signal of a Police Officer.  Two of the charges were classified

as minor misdemeanors.  One charge was classified as a fourth degree misdemeanor and one charge

was a second degree misdemeanor.  Ohio Revised Code § 2945.71(A) provides that a person

charged with a minor misdemeanor shall be brought to trial within thirty days.  A person charged

with a fourth degree misdemeanor shall be brought to trial within forty-five days, and a person

charged with a second degree misdemeanor shall be brought to trial within ninety days of arrest or

service of summons.  Ohio Revised Code § 2945.71(B)(1) and (2).   Ohio Revised Code §

2945.71(C) provides that an individual charged with a felony shall be brought to trial within two

hundred seventy days after the person's arrest.  The statute clarifies that if a person is charged with

more than one offense, the time period associated with the highest degree offense will be applied

to all charges.  Ohio Revised Code § 2945.71(D).  Petitioner argues that the Willoughby Municipal

Court's dismissal of the misdemeanor charges severed those charges from the felony charge and he

therefore should have been brought to trial on those charges within ninety days of his arrest.

In addition, Petitioner asserts that the Ohio speedy trial statute is constitutionally mandated

and he disputes the manner in which the Ohio courts calculated the date by which he had to be

-10-

brought to trial.  Petitioner was in jail in Cuyahoga County for another offense from March 18, 2013 until June 2013 when he was served with the indictment for these charges.  Petitioner argues that the clock should start ticking on his speedy trial rights from the time the warrant for his arrest was issued by the Willoughby Municipal Court, or at the very least from the time he was jailed by the City of Cleveland on other charges.

In his second ground for relief, Petitioner asserts that the warrant for his arrest and his judgment of conviction were defective.  The warrant for his arrest was issued as a result of a complaint and summons signed by Officer James Ours.  The complaint was witnessed by a Deputy Court Clerk.  Petitioner contends that the Court Clerk could not have determined probable cause existed to justify his arrest because Officer Ours did not sign the document under oath.  He claims Ours also did not indicate that he personally witnessed the infraction of wilfully eluding or fleeing a police officer after he activated the signal for a stop.  He asserts that the police report was not signed under oath and it therefore does not comply with the Fourth Amendment.

Petitioner also contends that the Judgment Entry of Conviction entered by the Lake County Court of Common Pleas was not signed under oath.  He asserts that this also violated his Fourth Amendment rights.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further

-11-

the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409.  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.*  "This standard requires the federal courts to give considerable

-12-

deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007).  AEDPA

essentially requires federal courts to leave a state court judgment alone unless the judgment in place

is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131,

1135 (6th Cir.1998).

### IV.  Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a

Petitioner must overcome several procedural hurdles.  Specifically, Petitioner must surmount the

barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion is fulfilled once

a state supreme court provides a convicted defendant a full and fair opportunity to review his or her

claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts.

*See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797

(6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both

the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414.  Specifically, in determining

whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should

consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional

law or in terms sufficiently particular to allege a denial of the specific constitutional right in

question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied

upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a Petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary.  *See Coleman*, 501 U.S. at 735.

-14-

To determine if a claim is procedurally defaulted the Court must determine whether: (1) there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).  A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### III.  Analysis

As an initial matter, Petitioner did not exhaust his state court remedies for these claims.  He has two speedy trial claims.  First, he claimed the dismissal of the misdemeanor charges by the municipal court severed them from the felony for purposes of calculating speedy trial statutory deadlines under Ohio Revised Code § 2945.71.  Second, he claimed the time allotted in which to try

-15-

him under Ohio Revised Code § 2945.71 should have begun on the date the arrest warrant was signed or the day on which he was incarcerated on any charge, even one unrelated to the offenses for which he is being tried.  Petitioner's *pro se* pleadings at every stage of this process have been difficult to decipher.  At best, and providing the most liberal construction to Petitioner's claims, he may have raised them for the first time on appeal to the Supreme Court of Ohio on direct appeal. He also may have asserted it for the first time on appeal of his Motion for a New Trial to the Supreme Court of Ohio.  These arguments do not appear to have been presented to the Ohio Court of Appeals.

Petitioner also asserts two claims pertaining to sworn oaths.  He contends the complaint and summons and his judgment entry of conviction were not signed under oath.  He did not assert these claims in either the Ohio Court of Appeals or in the Supreme Court of Ohio.  These claims are not exhausted.

As explained above, a Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court.  *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A).  The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a Petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted).  Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a Petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th

Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a Petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

In this case, Petitioner did not present his habeas claims to all levels in the state courts, and he has no remaining avenue for relief to raise these claims. Each of his claims would be found on the trial court's record. As such, they would have to have been included as part of his direct appeal. He filed a direct appeal and asserted nine assignments of error, but did not include the claims he asserts in this Petition. Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent state proceedings. *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967), syllabus para. 8, 9. That rule is consistently applied by the state. Petitioner cannot return to state court to assert claims he could and should have asserted in his direct appeal. His claims are procedurally defaulted.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental

-17-

miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded him from raising these claims in his first appeal of his conviction. As noted above, he asserted nine lengthy assignments of error on appeal. Petitioner does not indicate why he did not assert these claims at all levels of his direct appeal. He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004)

(citing Murray, 477 U.S. at 495-96).  Petitioner does not claim he is innocent of the underlying conviction.  There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

Moreover, even if Petitioner's grounds for relief were not barred by procedural default, they would not be cognizable in a federal habeas corpus petition because they are all based on alleged violations of state law.  Generally, a federal habeas court sitting in review of a state court judgment will not second guess a state court's decision concerning matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001)(citing *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000).  A claim based solely on an error of state law, therefore, is not redressable through the federal habeas process. *Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998).  This Court is bound by the state court's interpretation of its own law. *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005); *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005).

First, Petitioner's speedy trial claims are based on the state's alleged violation of Ohio Revised Code § 2945.71.  Whether state officers have violated state law in failing to administer a state statute is a question of state law. *See Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993)(citing *Engle v. Isaac*, 456 U.S. 107 (1982)).  The constitutional parameters for determining a speedy trial violation are less defined and less stringent than those set forth in Ohio Revised Code § 2945.71.  The Supreme Court has set forth a balancing approach for determining when a Sixth Amendment speedy-trial violation has occurred. *Barker v. Wingo*, 407 U.S. 514, 523-30 (1972).  The following four factors are to be considered: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. *Id*.  The length of the delay,

however, is a threshold issue.  That is, if there is no delay that is presumptively prejudicial, there is no necessity for inquiry into the other factors.  *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003)(citing *Barker*, 407 U.S. at 530).  A delay is presumptively prejudicial if it is "uncommonly long" or "extraordinary."  *Id*. (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). The Sixth Circuit has found that a delay is presumptively prejudicial when it approaches one year.  *Id.*  Ohio Revised Code § 2945.71(C) provides that an individual charged with a felony shall be brought to trial within two hundred seventy days after the person's arrest, and it allows for counting three days as one for purposes of the statute if the defendant is detained on that charge prior to trial.  It therefore is possible for a defendant's right to a speedy trial to be violated under the Ohio statute, but not under the United States Constitution.  The question Petitioner raised in the state courts and in this Petition is based solely on a violation of the Ohio statute.  Those claims are not cognizable in a federal habeas corpus petition.

Similarly, Petitioner's claims regarding alleged technical defects in the criminal complaint and judgment entry do not rest on violations of the United States Constitution.  His claim concerning the criminal complaint is governed by OHIO CRIM. R. 3, which provides: "[t]he complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."  Petitioner's contention is that the complaint issued by Willoughby Hills Police Officers did not meet the requirements of Criminal Rule 3.  That assertion is based solely on Ohio law and is not properly asserted in a federal habeas corpus petition.

Similarly, Petitioner's claim with regard to the Judgment Entry not signifying that it was

issued under oath would arise, if at all, under Ohio law.  It has no basis in federal constitutional law. It therefore is not cognizable in a federal habeas corpus petition.

## IV.  Conclusion

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted, the Petition (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

s/James G. Carr
JAMES G. CARR
SR. UNITED STATES DISTRICT JUDGE

-21-